[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2005
THOMAS K. KAHN
CLERK

No. 04-15136
Non-Argument Calendar

_____

D.C. Docket No. 03-20712-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUNTER DEMARICK,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(July 12, 2005)

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Hunter Demarick appeals his 188-month sentence imposed after a jury convicted him for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Demarick argues that, in light of the

remedial holding of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), the district court erred by applying the Sentencing Guidelines as mandatory. Moreover, Demarick argues, the fact that the court sentenced him to the lowest possible sentence within the guideline range demonstrates that the *Booker* error was not harmless. According to Demarick, because the court erroneously believed that it was required to impose a sentence within the guideline range, rather than an alternative reasonable sentence, he is entitled to a remand for resentencing.

We note at the outset that because Demarick failed to raise his *Booker* argument before the district court, we review the district court's decision for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *petition for cert. filed*, 73 U.S.L.W. 3531 (U.S. Feb. 23, 2005) (No. 04-1148). Thus, we may exercise our discretion to correct a forfeited error only where the appellant establishes: "(1) error, (2) that is plain, and (3) that affects substantial rights . . . , but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citations and internal quotations omitted).

In order to prove that a particular error affected his substantial rights, the appellant must demonstrate a reasonable probability that the result would have been different but for the alleged error. *Id.* at 1299. "[W]here the effect of an

error on the result in the district court is uncertain or indeterminate . . . [the appellant] has not met his burden of showing that his substantial rights have been affected." *Id.* at 1301 (citing *Jones v. United States*, 527 U.S. 373, 394-95, 119 S. Ct. 2090, 2105 (1999)). The fact that a district court imposed a sentence at the low end of the guideline range does not, by itself, establish a reasonable probability that it would have imposed a lesser sentence under an advisory guideline scheme. *United States v. Fields*, No. 04-12486, manuscript op. at 8-10 (11th Cir. May 16, 2005).

We have explained that there are two possible types of *Booker* error: (1) the error of sentencing a defendant on the basis of facts not found by the jury nor admitted by the defendant, or "constitutional error"; and (2) the error of being sentenced under a mandatory guidelines scheme, or "statutory error." *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

## A.    Sixth Amendment Error

In *Booker*, the Supreme Court reaffirmed its holding from *Apprendi* that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at ___, 125 S. Ct. at 756 (citing *Apprendi v.*

3

*New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)). Thus, when a defendant is sentenced on the basis of facts admitted by him, that sentence does not offend the Sixth Amendment's right to trial by jury.

In *Shelton*, we held that the defendant's Sixth Amendment rights were not violated because he had admitted the facts used to enhance his sentence by failing to object to the statements contained in the presentence investigation report ("PSI"). *Shelton*, 400 F.3d at 1330. Likewise, Demarick failed to object to the facts contained in the PSI. Therefore, he admitted the facts that support his sentence. As noted above, sentencing on the basis of admitted facts does not violate the Sixth Amendment, and therefore there is no Sixth Amendment error.

**B.** **Statutory Error**

Nonetheless, Demarick can establish statutory *Booker* error because the district court sentenced him under a mandatory guidelines scheme. *Id.* The decision in *Booker* made this error plain, thus satisfying the first two prongs of the plain error test. *Id*.

Despite this plain error, Demarick cannot prevail because he cannot demonstrate that his substantial rights were affected by the error. Demarick claims that the fact that he was sentenced on the low end of the sentencing range establishes a reasonable probability that his sentence would have been different

4

under an advisory guidelines scheme. As we held in *Fields*, this showing, without more, does not meet the defendant's burden under the third prong of the plain error test. Therefore, there is no statutory *Booker* error.

For the foregoing reasons, and upon considered review of the record and the parties' briefs, we affirm Demarick's sentence.

**AFFIRMED.**